Gaston, Judge.
 

 The provisions in our act of Assembly,
 
 *279
 
 in relation to the rerhedy by original attactment, purport to be directed against absconding or non-resident debtors.— The case set forth in the 1st section Rev. Stat. c. 6. is “ that a person indebted” hath removed or is removing himself out of the county privately, or so conceals himself that the ordinary process of law cannot be served on “ such debtor.” That provided for in the second is, when a person, who shall be an inhabitant of any other government, so that he cannot be personally served with process,
 
 “
 
 shall be indebted” to any person or resident of this State. The cases referred to in the 13th are those, where by law a justice hath jurisdicdiction, and complaint is made on oath that any person hath removed or is removing himself out of the county privately, or so absconds or conceals himself that the ordinary process of law cannot be served
 
 “ on
 
 such debtor,” or that “such debtor” is an inhabitant of another government. It is true that where these sections prescribe the oath in regard to the existence and extent of the debt, they use the terms “ debt or demand;” but it would seem clear that .these are regarded as expressing claims of the same kind, for in the form of the attachment, given in the 4th section, it is recited that “A. B. (or A. B, agent, attorney or factor of C. D.) hath complained on oath that E. F. is
 
 justly indebted
 
 to him (or the said C. D.) the amount of &c,” and the mandate is to attach so much of the estate of the said E. F. as shall be of value sufficient “to satisfy the said debt and costs.” Now neither in common parlance nor in legal proceedings is a mere wrong-doer designated as a debtor, nor his responsibilty for the wrong classed under the denomination of debts. Debts are the creatures of contract, and the language of these acts must be exceedingly strained- to bring within their operation claims arising not from contract but from
 
 tort.
 

 We are all convinced that cases not of contract, were not intended to be embraced within these enactments. It is
 
 manifest
 
 that the debts or demands contemplated were supposed capable of being ascertained with such precision that the amount due thereon could be verified by the oath of “ the plaintiff, his agent, attorney or factor.” It would not be a little absurd to suppose that the plaintiff should be required
 
 *280
 
 to swear to the
 
 amount due
 
 him because of an assault, or of defamat01T w0lds> or °f a malicious prosecution or any other personal injury, which' is incapable
 
 of being
 
 rveighcd in pecuniary scales; but we can scarcely think with gravity of “his agent,' attorney or factor” being received to state the account and swear to the true sum due thereon. Besides, if we must understand the term debtor, when describing the object of the attachment, sufficiently comprehensive to take in all persons,-against whom civil suits may be instituted, how can we refuse to give the same meaning to the same term in the same statute, where'the debtors of the defendant are directed to be summoned to answer for'what may be due from them to the defendant? He, who has committed a wrong,-is, in the eye of reason, just as well'qualified as he who has received it, to declare on oath the just amount of compensation due therefor; and if those who have violated the plaintiff’s rights are his debtors,-so those who have violated the personal rights of the defendant are his debtors also. We believe, however, no one has yet thought that a garnishee was to answer for his
 
 torts
 
 against the defendant.
 

 The present case does not require of us to say whether a judicial attachment, founded upon a return of
 
 non est inventus
 
 to an original writ sued out against the defendant, will lie in a case not arising on contract — (see Rev. Stat. c, 31, s. 56, and c. 6, s. 12,) and therefore we forbear from expressing any opinión upon it.
 

 It is to be certified to the court below that- this court is of opinion that the attachment was not a proper process to be sued out by the plaintiff in this case, and that the writ ought to be quashed.-
 

 Per’ CuilIArM-. Judgment' accordingly.